**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Mark Roote,<br><br>     Plaintiff,<br><br>v.<br><br>Kershaw County, Kershaw County Sheriff's Office, Sheriff Lee Boan, and Danny Templar,<br><br>     Defendant. | Case No.: 3:25-cv-1392-SAL<br><br><br>**ORDER** |

Mark Roote ("Roote") filed this action against Kershaw County, the Kershaw County Sheriff's Office, Sheriff Lee Boan, and Danny Templar (collectively "Defendants") alleging violations of his First and Fourth Amendment rights under 42 U.S.C. § 1983, *Monell* claims against Kershaw County, and related state-law claims. Before the court is Defendants' motion for summary judgment, ECF No. 14. United States Magistrate Judge Shiva V. Hodges, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), issued a Report and Recommendation ("Report"), recommending Defendants' motion for summary judgment be granted and the remaining claims be remanded to the Kershaw County Court of Common Pleas. [ECF No. 20.] Roote filed timely objections. [ECF No. 21.]

### I.     Background[1]

Kershaw County Council held a meeting on October 11, 2022, attended by Roote, Sheriff Boan, and County Administrator Danny Templar. [ECF No. 20 at 2.] The council announced that public comment would be limited to thirty minutes, divided equally among the nine individuals

---

[1] The magistrate judge issued a comprehensive Report detailing the relevant facts and legal standards. The court incorporates those facts and standards by reference and adds only a brief recitation.

1

who signed up to speak. *Id.* at 3. Each speaker was allotted approximately three minutes and twenty seconds to address the council, and a bell would signal when a speaker's time had expired *Id.* At first, the meeting went smoothly, with each participant's speaking time being reported as follows:

*Table 1: Speaker Duration*

| Speaker Number: | Duration of Speaking Time in Minutes: |
| --- | --- |
| Speaker One | 1:46 |
| Speaker Two | 4:32 |
| Speaker Three | 3:00 |
| Speaker Four | 3:45 |
| Speaker Five | 4:13 |
| Speaker Six | 4:04 |
| Speaker Seven | 3:19 |

[ECF No. 20 at 5.]

Roote spoke eighth and delivered a speech for roughly four minutes until a staff member rang the bell to signal his time had expired. *Id.* Roote continued for a few more moments until a council member asked Roote to leave the podium and his microphone be turned off. *Id.* at 6. Despite these instructions, Roote declined to yield the floor and, with his microphone disabled, proceeded with his prepared comments. *Id.* Roughly five minutes into his speech, Sheriff Boan and a deputy approached Roote. Templar told Boan, "I want him out . . . [,]" explaining to Roote that "we're trying to run a meeting here." *Id.* Boan placed his hand on Roote's arm to guide him away, but Roote sat on the floor in passive resistance. *Id.* at 6–7. Boan and the deputy attempted to slide Roote out of the chambers, at which point Roote stated he was "trying to be a good citizen and show how dirty these fuckers are." *Id.* at 8. Boan then placed Roote under arrest.

2

*Figure 1: Snapshot of Roote's Removal*



[ECF No. 14-2 at 6:40.]

After some back and forth, Roote was slid into the lobby, handcuffed, and taken to the Kershaw County Detention Center. *See* ECF No. 20 at 8–9; ECF No. 14-15. He was later charged with disorderly conduct and resisting arrest—two charges that remain pending. [ECF No. 14-12.]

## II.     Legal Standard

### A.  Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo

determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court is not required to give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

### B. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [the nonmovant's] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022). Conversely, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Lastly, the court must view facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmovant's favor. *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). If the record, viewed this way, gives rise to genuine factual disputes about the claims at issue, then those questions must be resolved by a jury and are inappropriate for summary judgment. *See id.* at 301–02.

## II.    Discussion

Roote asserts nine claims:

- Count I: False imprisonment against Defendant Sheriff's Office

- Count II: False imprisonment against Kershaw County

- Count III: Negligence and gross negligence against Defendant Sheriff's Office

- Count IV: Common law claim for battery against Defendant Sheriff's Office[2]

- Count V: §1983 Fourth Amendment violation against Boan

- Count VI: First Amendment retaliation under 42 U.S.C. § 1983 against Boan and Templar

- Count VII: First Amendment claim under 42 U.S.C. § 1983 against Boan and Templar

- Count VIII: 42 U.S.C. § 1983 First Amendment claim against Kershaw County

- Count IX: 42 U.S.C. § 1983 First Amendment claim against Kershaw County

[ECF No. 1-1 ¶¶ 29–82.]

### A.  Count V: Fourth Amendment (Boan)

Roote alleges Boan used excessive force during the arrest. [ECF No. 1-1 ¶ 51.] He argues that from the perspective of a reasonable officer, Boan had no reason to use force against him, and

---

[2] In his complaint, and also labeled as his "fourth cause of action," Roote alleged a claim of medical negligence against the Kershaw County Sheriff's Office arising from his treatment while housed in jail. [ECF No. 1-1 ¶¶ 44–46.] Because Roote later withdrew this claim, ECF No. 18 at 13, and to maintain consistency with Roote's numbering in his complaint, the court omits this claim from the above list.

thus, his rights were violated. *Id.* ¶ 50. Defendants argue Boan's intervention was necessary and objectively reasonable. [ECF No. 14 at 16.] Viewing the evidence in the light most favorable to Roote, the magistrate judge found the force minimal and objectively reasonable given Roote's passive resistance. [ECF No. 20 at 11–14.] The court agrees that summary judgment is proper.

In analyzing an excessive force claim, the court considers whether the force was objectively reasonable in light of the facts and circumstances of each case. *See Lombardo v. City of St. Louis*, 594 U.S. 464, 466 n.2 (2021). The court looks to the totality of the circumstances at the moment the force was employed. *Somers v. Devine*, 132 F.4th 689, 698 (4th Cir. 2025) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The court examines a reasonable officer's perception of (1) the severity of the crime or conduct at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether the suspect is resisting arrest or attempting to evade arrest by flight. *Id.* The court also considers the extent of the plaintiff's injury and any effort made by the officer to temper or to limit the amount of force. *Id.* Against this backdrop, courts have found no constitutional violation where the use of force is minimal and made necessary by the plaintiff's resistance. *See id.* at 699; *J.W. ex rel. Wikle v. Corporal Carrier*, 645 F. App'x 263, 264 (4th Cir. 2016).

The court finds that Boan's use of force was not excessive. Although the severity of the alleged crime was low[3] and Roote was nonviolent, he refused multiple directives, disrupted the

---

[3] The court is mindful that these charges remain pending and makes no determination regarding the validity of these offenses. The court is also mindful of the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), that a state prisoner may not bring a 42 U.S.C. § 1983 suit for damages where a judgment for the prisoner would necessarily imply the invalidity of his conviction or sentence. *Id.* at 486–87; *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (noting that *Heck* does not apply in the pre-conviction setting and instead a stay of the 42 U.S.C. § 1983 action is appropriate in such instances). While the parties have not addressed this issue in their briefing, the court makes no determination as to whether probable cause existed for Roote's arrest. The

meeting, and physically resisted removal. [ECF No. 14-2 at 4:30–4:45.] Even assuming a shoulder injury during his removal from the council's chambers,[4] the court finds Boan applied the minimal degree of force reasonably necessary to overcome Roote's resistance. Accordingly, summary judgment is appropriate for this claim. *See Pegg v. Herrnberger*, 845 F.3d 112, 120 (4th Cir. 2017) (finding the arrest of a resisting suspect that causes only *de minimis* injuries is not excessive force).

### B.  Count VI: First Amendment Retaliation (Boan and Templar)

Roote next asserts retaliation claims against Boan and Templar for violation of his First Amendment rights. [ECF No. 1-1 ¶¶ 55–64.] He argues that his arrest was motivated by his critical remarks. [ECF No. 21 at 4–5.] Defendants argue Roote's disregard for council rules and disruptions, not the content of his speech, caused his removal. *See* ECF No. 14 at 9–12. The magistrate judge found that Roote's claim failed because he did not demonstrate a causal relationship between his critical comments and subsequent arrest. [ECF No. 20 at 14.] The court agrees.

For a successful First Amendment retaliation claim, a plaintiff must demonstrate (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. *Jones v. Solomon*, 90 F.4th 198, 213 (4th Cir. 2024).

---

court holds only that, in light of his conduct and passive resistance, the force used did not violate his constitutional rights.

[4] The magistrate judge found that Roote's claim should fail, in part, because he failed to present evidence of an injury stemming from Boan's use of force against him. *See* ECF No. 20 at 13 ("Plaintiff has failed to submit any evidence of a shoulder injury requiring medical attention[.]") In his objections, Roote points to medical documents indicating he sustained a shoulder injury during the arrest and notes he testified about that injury during his deposition. [ECF Nos. 21-1, 21-2.] Accordingly, the court agrees that Roote's claim should not fail for lack of evidence of injury and modifies the report to that extent.

The causation requirement is rigorous—it is not enough that the protected expression played a role or motivated the retaliation; a plaintiff must show that his speech was the "but for" cause of the adverse action. *Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1140 (4th Cir. 1990); *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015) (affirming dismissal of First Amendment retaliation claim and finding that plaintiff's evidence "falls far short" of the "rigorous" causal requirement where the plaintiff "ignores the numerous other facts on which" the alleged retaliatory action was based).

Roote cannot meet this rigorous standard. Here, his arrest occurred only after he exceeded time limits, ignored repeated directives, disrupted the meeting, and resisted removal. [ECF No. 20 at 15–16.] While Roote argues the magistrate judge improperly weighed evidence for this issue, ECF No. 21 at 4–5, the court agrees that Roote's comments were not the but-for cause. Summary judgment is appropriate. *Davison v. Rose*, 19 F.4th 626, 637 (4th Cir. 2021) (finding summary judgment appropriate where a plaintiff had not "sufficiently provided evidence to prove that the no-trespass ban was issued because of his protected speech, as opposed to his threats and antagonistic behavior"); *Wood v. Arnold*, 321 F. Supp. 3d 565, 581 (D. Md. 2018).

### C. Count VII: First Amendment Viewpoint Discrimination (Boan and Templar)[5]

Roote argues that council selectively enforced speaking time limits. [ECF No. 18 at 6–8.] Defendants argue that his removal was justified because Roote repeatedly disrupted the meeting. [ECF No. 14 at 9–12.] The magistrate judge concluded that Roote failed to show the time limits

---

[5] Roote's complaint lists this cause of action against Defendant Templar only. [ECF No. 1-1 ¶¶ 65–70.] That said, Roote's briefing on Count VII addresses both Boan and Templar. [ECF No. 18 at 6–8.] Accordingly, as the magistrate judge did, this court addresses this claim as asserted against both Boan and Templar. [ECF No. 20 at 10 n.7.]

were selectively applied and recommended summary judgment for Boan and Templar. [ECF No. 20 at 17–19]. The court agrees that summary judgment is proper.

The First Amendment prohibits laws "abridging the freedom of speech." U.S. Const. amend. I. "It limits, among other things, the government's power to regulate speech on public property." *White Coat Waste Project v. Greater Richmond Transit Co.*, 35 F.4th 179, 196 (4th Cir. 2022). A county council meeting is traditionally considered a limited public forum which allows for some reasonable restrictions but still prohibits viewpoint discrimination. *Steinburg v. Chesterfield County Plan. Comm'n*, 527 F.3d 377, 385 (4th Cir. 2008). Courts should assess a speech restriction on whether it is applied evenly, regardless of viewpoint. *Davison v. Rose*, 19 F.4th 626, 635–36 (4th Cir. 2021).

Viewing the evidence in the light most favorable to Roote, he has not shown the time restrictions were selectively enforced. The record confirms that some speakers exceeded their allotted time, but Roote spoke significantly longer than anyone before him. *Compare* Table 1 (noting the longest prior speech was four minutes and thirty-two seconds) *with* ECF No. 20 at 5–7 (citing ECF No. 14-2) (indicating Roote spoke for four minutes uninterrupted and roughly six minutes and thirty seconds before being removed). The record also shows that Roote was the only speaker who refused to yield the floor after being instructed to do so. Because he presents no evidence that time restrictions were applied in a discriminatory manner, his claims fail as a matter of law. *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 281 (3d Cir. 2004) (affirming summary judgment finding "the presiding officer of a public meeting to allow a speaker to try to hijack the proceedings, or to filibuster them, would impinge on the First Amendment rights of other would be participants," and stating the court had "no difficulty sustaining the decision to remove [plaintiff] on that basis"); *Davison v. Plowman*, 247 F. Supp. 3d 767 (E.D. Va. 2017), *aff'd*, 715

F. App'x 298 (4th Cir. 2018) ("[F]ailure to effectively moderate a public discussion may be as deleterious to dialogue in such a forum as censorship.").

### D. Counts VIII and IX: *Monell* Liability (Kershaw County)

Roote alleges Kershaw County maintained an unconstitutional policy regarding speech time limits.[6] [ECF No. 21 at 6.] Defendants argue Roote has failed to demonstrate a sufficiently widespread practice or policy for removing speakers based on their viewpoint to succeed under a *Monell* theory of liability. [ECF No. 19 at 1–4.] The magistrate judge agreed that summary judgment was proper, finding that Roote "offered no allegation or evidence in support of an express policy, nor identified a final decision maker and any related decisions leading to a violation of his constitutional rights." [ECF No. 20 at 20.] The court agrees that summary judgment is appropriate.

Under *Monell*, a plaintiff can state a 42 U.S.C. § 1983 claim against a municipality by demonstrating a constitutional violation by an official act that resulted from a government policy or custom. *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014). A policy or custom can be expressed in several ways:

---

[6] Roote claims that Defendants' arguments for *Monell* liability were raised only in their reply brief, rather than in their motion for summary judgment, and thus were improperly considered by the magistrate judge and should not be considered by this court. *See* ECF No. 21 at 5–6. While the court agrees that, generally, "new arguments cannot be raised in a reply brief," *De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 531 (4th Cir. 2022), this rule has exceptions. *Id.* ("[A] district court may consider an argument raised for the first time on reply under appropriate circumstances.") ! Two such circumstances are: whether the untimely argument may be "intimately related" to the original grounds for the motion and whether the non-movant had the opportunity to contest an untimely argument in a sur-reply. *Id.* Here, both circumstances apply. First, the issue of liability for Kershaw County was raised in Defendants' motion for summary judgment. [ECF No. 14 at 7–9.] Second, Roote addressed the reply arguments in his objections to the Report—giving him an opportunity to develop his arguments for the court's de novo review. *See* ECF No. 21 at 5–7; *Progressive N. Ins. Co. v. Geoffroy*, No. 9:23-CV-00737-DCN, 2023 WL 6462851, at *7 (D.S.C. Oct. 4, 2023) (finding arguments raised in reply brief were properly considered by the court where non-movant filled motion to strike and noting "this filing serves the same purpose as a sur-reply objecting to an argument first raised in a reply brief"). Accordingly, the court concludes these arguments are properly before it.

(1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Howard v. City of Durham*, 68 F.4th 934, 952 (4th Cir. 2023) (citing *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 533 (4th Cir. 2022)).

Here, Roote identifies no express policy, final decision from a policymaker[7] or widespread practice of unconstitutional enforcement. His evidence is limited to his own isolated incident, which is insufficient as a matter of law. *See* ECF No. 21 at 6; *Owens*, 767 F.3d at 402 ("Prevailing under such a theory is no easy task. A plaintiff must point to a persistent and widespread practice of municipal officials, the duration and frequency of which indicate that policymakers (1) had actual or constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference." (citation omitted)); *Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987) (noting

---

[7] Roote argues that a single decision by a policymaker can give rise to *Monell* liability and that he has produced sufficient evidence that time limits were arbitrarily enforced against him such that his claim should survive summary judgment. *See* ECF No. 21 at 6 (citing *Austin v. Paramount Parks, Inc.*, 195 F.3d 715 (4th Cir. 1999)). The court recognizes that, under appropriate circumstances, a municipality may incur § 1983 liability for a single decision by a policymaking official. Such liability, however, is "constrained by the caveat that '[t]hese principles are limited . . . municipal liability attaches only when the decision maker is the municipality's governing body, a municipal agency, or an official possessing final authority to create official policy.'" *Charette v. Wexford Health Sources, Inc.*, No. CV CCB-19-0033, 2021 WL 1102361, at *6 (D. Md. Mar. 23, 2021) (quoting *Semple v. City of Moundsville*, 195 F.3d 708, (4th Cir. 1999)). Although Roote alleges that Templar possessed final policymaking authority for the county, ECF No. 1-1 ¶ 80, this assertion, without evidence, is not enough to sustain his *Monell* claim against Kershaw County. *See Orozco v. Yakima Sheriff's Off.*, No. 1:22-CV-03058-SAB, 2024 WL 1337174 (E.D. Wash. Mar. 28, 2024) ("Plaintiff's vague assertion of final policymaking authority by a deputy prosecutor is insufficient for the *Monell* claim against the County to survive.").

that "widespread" or "flagrant" unconstitutional practices constitute a custom or policy). Accordingly, summary judgment is proper for Counts VIII and IX.[8]

### E.   State-Law Claims

When all federal claims are dismissed in the early stages of litigation, courts typically decline supplemental jurisdiction. *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024). This case does not present exceptional circumstances that would warrant deviation from the general rule. The remaining state-law claims are remanded.

### III.   Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. Additionally, the court reviewed de novo the parts of the Report to which Roote objected. The court hereby **ADOPTS** the Report as modified, ECF No. 20. As a result, Defendants' motion for summary judgment, ECF No. 14, is **GRANTED**. Roote's constitutional claims fail as a matter of law and are therefore dismissed **WITH PREJUDICE**. This matter is **REMANDED** to the Kershaw County Court of Common Pleas.

**IT IS SO ORDERED.**

March 5, 2026                                    Sherri A. Lydon
Columbia, South Carolina              United States District Judge

---

[8] Because the court finds that Roote's claims against Defendants fail to raise a genuine dispute of material fact as to whether a constitutional violation occurred, it does not address the magistrate judge's recommendation, or Roote's corresponding objections, regarding qualified immunity.

12